IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| ROBERT BENTLEY MARLOW | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-43 |
| | ) | |
| HOWARD BAKER UNITED STATES | ) | |
| COURTHOUSE | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

"[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir.1998) (citing *Nationwide Mut. Ins. Co. v. Cisneros*, 52 F.3d 1351, 1361 (6th Cir. 1995); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993)). When appropriate, a federal court must raise *sua sponte* the issue of subject matter jurisdiction, and it can do so at any time. *See Norris v. Schotten*, 146 F.3d 314, 324 n.5 (6th Cir. 1998) (citations omitted). "This duty applies irrespective of the parties' failure to raise a jurisdictional challenge on their own, and if jurisdiction is lacking, dismissal is mandatory." *Campanella,* 137 F.3d at 890 (citing Fed. R. Civ. P. 12(h)(3)).

Plaintiff has sued the Howard Baker United States Courthouse over a dispute concerning a local rule that controls what electronic devices are permitted or excluded from the courthouse. Aside from the fact that the courthouse is not a suable entity, plaintiff's complaint [doc. 2] fails to demonstrate that this court has subject matter jurisdiction over this lawsuit. The complaint deals with an operational rule of the courthouse, not with a matter of federal court jurisdiction. "[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). The complaint does not contain the requisite jurisdictional statement setting forth the basis on which this court has subject matter jurisdiction in this case. It is clear to the court that jurisdiction does not exists.

Accordingly, the complaint is hereby **DISMISSED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge